UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
TEVES REALTY CORP,

                                                                  CV 3226/14 (FB) (VNC)

                       Plaintiff

                                                                 **AMENDED COMPLAINT**
   -against-

KARL TERRY, THE CITY OF NEW YORK, NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD,
NEW YORK CITY DEPARTMENT OF FINANCE and
NEW YORK CITY PARKING VIOLATIONS
BUREAU,

                       Defendants.
----------------------------------------------------------------------x

Plaintiff, complaining of defendants, alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. 1332(a).

2. The amount in controversy exceeds $75,000.00.

3. Venue lies in this District because real property which is the subject of this action is located in the Eastern District of New York.

4. Plaintiff is a corporation formed pursuant to the laws of the State of New Jersey and maintains its principal place of business in the City of Montclair, County of Essex, State of New Jersey.

5. Defendants KARL TERRY, THE CITY OF NEW YORK, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD and NEW YORK CITY PARKING VIOLATIONS BUREAU are citizens of the State of New York.

## CAUSE OF ACTION

6. Plaintiff is the holder of two mortgages on premises known as 12-09 40th Avenue, County of Queens, State of New York, Block 472, Lot 625 ("Property).

7. At all times mentioned hereinafter, defendant KARL TERRY ("TERRY"), an individual residing in the State of New York, was and is the owner of the subject Property.

8. On or about November 23, 2009, defendant TERRY, as mortgagor, executed and delivered a mortgage to SERLE SELMON and ALEXANDER REICH, as mortgagees, in the sum of one-hundred thousand dollars ($100,000.00).

9. Said mortgage was recorded in the Office of the City Register of the City of New York, Queens County, on December 3, 2009 and all necessary fees were paid.

10. The mortgage provided that payment of interest and principal be paid on December 23, 2009..

11. The interest rate on said mortgage to the date of maturity was twelve per centum (12%) per annum and at the lesser rate of either twenty-four per centum (24%) per annum or the maximum legal rate, whichever is less, thereafter, in the event of a default.

12. Defendant has defaulted by failing to make timely payments of principal and interest as they came due.

13. The mortgage instrument provided that upon default in the making of any installment payment of principal or of interest for fifteen days, the entire balance of principal and interest due shall become due and payable.

14. On January 8, 2014, ALEXANDER REICH and SERLE SELMON assigned the

aforesaid mortgage to plaintiff Teves Realty, Inc., a New Jersey corporation.

15. On or about May 18, 2010 defendant TERRY, as mortgagor, executed and delivered a mortgage to NECHADIM CORP., a New York corporation, as mortgagee, in the sum of one-hundred thousand dollars ($100,000.00).

16. Said mortgage was recorded in the Office of the City Register of the City of New York, Queens County, on June 4, 2010 and all necessary fees were paid.

17. The mortgage provided that payments shall be made in equal monthly installments of one-thousand and eighty-three dollars and thirty-three cents ($1,083.33) per month, commencing on June 18, 2010 and to continue until November 18, 2010, when the principal shall become due and payable.

18. The interest rate on said mortgage to the date of maturity was thirteen per centum (13%) per annum and at the lesser rate of either twenty-four per centum (24%) per annum or the maximum legal rate, thereafter, in the event of a default.

19. Defendant has defaulted by failing to make timely payments of principal and interest as they came due.

20. On January 8, 2014, Nechadim Corp. assigned the aforesaid mortgage to plaintiff Teves Realty, Inc., a New Jersey corporation.

21. By reason of the default on the aforesaid two mortgages, plaintiff has elected that the entire principal sum shall become due and payable.

22. Defendants THE CITY OF NEW YORK, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD and NEW YORK CITY PARKING VIOLATIONS BUREAU are named because they may be have an interest in the property.

23. The mortgage provided that payments shall be made in equal monthly installments of one-thousand and eighty-three dollars and thirty-three cents ($1,083.33) per month, commencing on June 18, 2010 and to continue until November 18, 2010, when the principal shall become due and payable.

24. The interest rate on said mortgage to the date of maturity was thirteen per centum (13%) per annum and at the lesser rate of either twenty-four per centum (24%) per annum or the maximum legal rate, thereafter.

25. Defendant has defaulted by failing to make timely payments of principal and interest as they came due.

26. The mortgage instrument provided that upon default in the making of any installment payment of principal or of interest for fifteen days, the entire balance of principal and interest due shall become due and payable.

27. On January 8, 2014, Serle Selmon and Alexander Reich assigned the aforesaid mortgage to plaintiff Teves Realty, Inc., a New Jersey corporation.

28. By reason of the default, plaintiff has elected that the entire principal sum shall become due and payable.

29. The aforesaid mortgage contained, among other provisions, the following:

    (a) That the mortgagor will pay the indebtedness as provided in said instrument;

    (b) That the mortgagor will pay any late charge if payments are not timely made;

    (c) That the whole of said principal sums and interest shall become due and payable at the option of the

        mortgagees after default in the payment of any installment or of interest;

(d) That the holder of the mortgage shall be entitled to the appointment of a receiver in any action to foreclose the mortgage;

(e) That the mortgagor will pay all taxes, assessments, sewer and water rates and in default thereof, the mortgagee may pay the same;

(f) That in the case of a foreclosure sale, said premises or so much thereof as may be affected by this mortgage may be sold in one parcel.

16. In order to protect its security, plaintiff may be compelled during the pendency of this action to pay taxes, assessments, water rates, sewer rates and insurance premiums and other charges affecting the premises and plaintiff requests that any sums so paid by it shall be added to the indebtedness payable to plaintiff as aforesaid, with interest thereon, and further, that any sums so be deemed to be secured by the note and mortgage and adjudged to be valid liens on the premises being foreclosed herein.

17. Plaintiff is entitled to recover attorney's fees in accordance with the mortgage documents.

18. The said mortgaged premises are subject to, and should be sold subject to, the following as they exist at the time of sale: any state of facts an accurate survey may show; encroachments, covenants, restrictions, agreements and easements of record, if any; zoning restrictions and ordinances of any governmental authority having jurisdiction

thereof, affecting said premises; prior mortgage liens; rights of tenants or occupants in possession, if any, subject to the termination and extinguishment of such rights, if any, by virtue of this action and proceeding; and all other terms and conditions contained in the Judgment of Foreclosure and Sale; building restrictions and regulations; violations of record, if any, now or hereafter on the premises; party walls.

WHEREFORE, plaintiff demands judgment as follows:

(a) that the defendants, and all persons claiming under them, be barred and foreclosed of all right, claim, lien and equity of redemption in said mortgaged premises and in the fixtures and articles of personalty upon which said mortgage is alien, attached to or used in connection with said premises; that the premises shall be decreed to be sold in one parcel, according to law; that the foreclosure sale be made subject to the provisions and statements contained in this complaint; that a Receiver of the rents, issues and profits of said premises be appointed, with the usual powers and duties, for the benefit of the plaintiffs, during the pendency of this action; that the monies arising from the sale be brought into court; that the plaintiffs may be paid the amount due as alleged herein, together with interest to the time of such payment, as well as late fees, together with sums expended by plaintiffs during the pendency of this action and for thirty days after any sale demanded herein for taxes, water rates, assessments, insurance premiums and other necessary or essential charges or expenses in connection therewith to protect the mortgage lien, plus any sums expended for the protection or preservation of the property

covered by said mortgage, with interest thereon from the time of such payment, together with the legal fees provided for in said mortgage, and the costs and expenses of this action, as far as the amount of such monies properly applicable thereto will pay the same; that the plaintiffs be decreed to be owner of any and all personal property used in connection with said mortgaged premises;

(b) that plaintiff shall have such other and further relief as shall be just and equitable.

*Solomon Rosengarten*

———————————————
SOLOMON ROSENGARTEN
Attorney for Plaintiff
1704 Avenue M
Brooklyn, New York 11230
718- 627-4460