UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
TEVES REALTY, INC.,

        Plaintiff,

-against-

KARL TERRY, et al,

        Defendants.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 14-cv-3226 (FB)(VMS)

*Appearances:*
*For the Plaintiff*:
SOLOMON ROSENGARTEN, ESQ.
1704 Avenue M
Brooklyn, NY 11230

*For the Defendant*:
AYMEN A. ABOUSHI, ESQ.
The Aboushi Law Firm
1441 Broadway, 5th Floor,
New York, NY 10018

**BLOCK, Senior District Judge:**

    Defendant Karl Terry brings this action against Plaintiff Teves Realty for sanctions. For the following reasons, defendant's motion is granted.

    District Courts have "the inherent power to supervise and control [their] own proceedings and to sanction counsel or a litigant for ... disobeying the court's orders." *Mickle v. Morin,* 297 F.3d 114, 125 (2d Cir. 2002). Use of the harshest sanctions "is limited to cases involving 'willfulness, bad faith, or any fault' on the part of the disobedient party." *Altschuler v. Samsonite Corp.,* 109 F.R.D. 353, 356 (E.D.N.Y. 1986).

1

Before the Court is defendant's motion for sanctions stemming from the misconduct of Solomon Rosengarten, plaintiff's attorney throughout the ordered mediation. Such misconduct culminated when Rosengarten failed to attend the mediation session. Defendant Terry requests a dismissal of the complaint with prejudice or a tolling of any interest on the underlying loan as sanctions.

On June 13, 2019, the Court held a sanctions hearing at which Nancy Kramer, the mediator, and Rosengarten testified. Kramer testified that not only did Rosengarten fail to attend the schedule mediation on November 6, 2018, he also cancelled the parties' September 11, 2018 mediation session merely days before. In addition, Kramer testified that Rosengarten was incredibly hard to communicate with. Rosengarten testified that he rescheduled the September mediation due to the Jewish Holidays and missed the November mediation as a result of a miscommunication between his secretary and Kramer.

Although the Court does not condone plaintiff's conduct, the sanctions of dismissal and tolling interest are not warranted. The Court does not find that plaintiff's conduct was willful or egregious. However, the Court finds that plaintiff's wrongdoings required defendant to spend valuable time and money on two fruitless mediations. As such, plaintiff is ordered to pay the reasonable attorney's fees defendant Terry incurred preparing for and attending the failed mediation sessions. *See Bulkmatic Transp. Co. v. Pappas,* No. 99-cv-12070, 2002

WL 975625, at *2 (S.D.N.Y. May 9, 2002) ("[I]t is well established that a court can require parties to appear for a settlement conference, and impose sanctions pursuant to Rule 16(f) if a party fails to do so.").

## CONCLUSION

For the foregoing reasons, the motion for sanctions is GRANTED.

**IT IS SO ORDERED.**

                                                  /S/ Frederic Block
                                                  FREDERIC BLOCK
                                                  Senior United States District Judge

March 23, 2020
Brooklyn, New York