UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
TEVES REALTY, INC.,

                Plaintiff              **MEMORANDUM AND ORDER**
                                                        Case No. 14-3226-FB-VMS

    -against-

KARL TERRY, THE CITY OF NEW
YORK, NEW YORK CITY
ENIVORMENTAL CONTROL
BOARD, NEW YORK CITY
DEPARTMENT OF FINANCE and
NEW YORK CITY PARKING
VIOLATIONS BUREAU,

                Defendant.
-------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                              *For Defendant Karl Terry:*
SOLOMON ROSENGARTEN            AYMEN A. ABOUSHI
1704 Avenue M                                The Aboushi Law Firm
Brooklyn, New York 11230              1441 Broadway, Fifth Floor
                                                New York, New York 10018

**BLOCK, Senior District Judge:**

        Pursuant to the Court's electronic order dated April 30, 2024, the plaintiff, Teves Realty, Inc. ("Teves"), has proposed Mark Longo as a referee to conduct the foreclosure sale in this matter. The defendant, Karl Terry, does not object to the appointment but argues (1) that Teves must "remove" the 2009 mortgage on the property to be foreclosed, (2) that a foreclosure sale cannot proceed because he has a right of redemption, and (3) that Teves is not entitled to attorneys' fees. The

Court addresses those arguments in turn.

1. The Court has held that the 2009 loan was repaid and the 2009 mortgage thereby satisfied. Teves shall, by August 10, 2024, cause a satisfaction of that mortgage to be filed with the Office of the City Register. Failure to comply will result in a Court-ordered satisfaction and sanctions against Teves and its counsel.

2. Terry is correct that he has an equitable right to redeem the mortgage. However, as the cases he cites attest, that right does not entitle him to delay the foreclosure sale. *See Norwest Mortg., Inc. v. Brown*, 830 N.Y.S.2d 158, 159 (2d Dep't 2006) ("A mortgagor or other owner of the equity of redemption of a property subject to a judgment of foreclosure and sale may redeem the mortgage *at any time prior to the foreclosure sale*." (emphasis added)); *Carnavalla v. Ferraro*, 722 N.Y.S.2d 47, 48 (2d Dep't 2001) ("[A borrower] has a common-law right to redeem the mortgage *prior to the foreclosure sale* by tendering the principal and interest due thereon." (emphasis added)).

3. Terry challenges Teves's request for attorneys' fees in several respects, including the reasonableness of both the hourly rate and the time expended. Such matters are routinely included in the referee's calculation of the amount due, s*ee, e.g.*, *Wilmington Trust, N.A. v. Lott Ave. Owner, LLC*, 2024 WL 1973363, at *4 (E.D.N.Y. May 3, 2024) (citing cases), and the Court follows that practice here.

      Accordingly, the Court appoints Mark Longo as referee. Counsel for Teves shall provide Longo with a copy of this memorandum and order, and Longo shall file and serve a letter confirming that he is able and willing to serve. Upon receipt of that letter, the Court will enter an order setting out the terms of the appointment.

      **SO ORDERED.**

                                                                   /S/ Frederic Block
                                                           FREDERIC BLOCK
                                                           Senior United States District Judge

Brooklyn, New York
August 1, 2024