UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
TEVES REALTY, INC.,

              Plaintiff

-against-

KARL TERRY, THE CITY OF NEW
YORK, NEW YORK CITY
ENIVORMENTAL CONTROL
BOARD, NEW YORK CITY
DEPARTMENT OF FINANCE and
NEW YORK CITY PARKING
VIOLATIONS BUREAU,

              Defendant.
-------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 14-3226-FB-VMS

*Appearances:*

| | |
|---|---|
| *For the Plaintiff:* | *For Defendant Karl Terry:* |
| SOLOMON ROSENGARTEN | AYMEN A. ABOUSHI |
| 1704 Avenue M | The Aboushi Law Firm |
| Brooklyn, New York 11230 | 1441 Broadway, Fifth Floor |
| | New York, New York 10018 |

**BLOCK, Senior District Judge:**

      On March 6, 2025, the Court entered a judgment ordering the sale of the property securing the 2010 loan at issue in this case and the distribution to Plaintiff, Teves Realty, Inc. ("Teves"), of its previously adjudicated share of the proceeds of that sale, plus interest through the date of the judgment. Although both Teves and Defendant Karl Terry appealed, neither bothered to seek a stay pending appeal. Instead, they continue to beleaguer the Court with their never-ending squabbles.

Terry wants to exercise his equity of redemption in the property. But his lender sensibly requires a payoff letter and a satisfaction of mortgage. Teves has refused to provide them for fear of prejudicing its attempt to obtain a larger share of the sale proceeds on appeal.

The Court has already ordered Teves to provide a payoff letter, albeit one with a proviso that it "does not waive Plaintiff['s] rights on appeal." Elec. Order (Jan. 24, 2025). Terry now seeks "judicial intervention" in the form of an order requiring Teves to provide the satisfaction of mortgage. In addition, he asks the Court to "[w]aive any interest due and accruing since October 2024" (apparently the date he first attempted to tender payment of the amount due as determined by the Court), stop the foreclosure, and award him attorney's fees and costs. Letter from Aymen A. Aboushi (Apr. 29, 2025). Teves responds that a formal satisfaction "can be construed as an admission that the mortgage has been satisfied," and instead proposes an order stating that the mortgage has been satisfied, which order would be "vitiated" if Teves prevails on appeal. Letter from Solomon Rosengarten (Apr. 29, 2025).

Terry argues that it is "ridiculous" to make a distinction between the payoff letter and the satisfaction of mortgage. On the contrary, the letter simply tells Terry's lender how much Teves expects to be paid and is expressly conditioned on

2

the outcome of the appeal. A satisfaction of mortgage would actually extinguish Teves's security interest in the property. By the same token, the conditional order proposed by Teves is not an adequate substitute for an irrevocable acknowledgment that, upon receipt of the payoff amount, Teves has no further claim on the property.

Since the Court's judgment has not been stayed, Teves has every right to proceed with the foreclosure sale. Terry has every right to exercise his equity of redemption at any time "prior to the foreclosure sale by tendering the principal and interest due thereon." *Carnavalla v. Ferraro*, 722 N.Y.S.2d 47, 48 (2d Dep't 2001). Either result would extinguish the mortgage. But until the amount due is conclusively determined, the Court will not require Teves to surrender its legitimate security interest. Nor will it assess attorney's fees and cost based on a good-faith effort to protect that interest pending appeal.

The obvious solution is a prompt resolution of the appeal. Although the Court has no direct control over the appellate proceedings—which have only just begun—it can urge the parties to jointly ask the Second Circuit to expedite them. To that end, the Court will stay execution of its judgment until November 1, 2025, which should be sufficient time for the circuit court to rule on such a request, if not the appeal itself. In the meantime, it instructs the referee to take all steps necessary to conduct the foreclosure sale on that date, or as soon thereafter as possible.

3

The Court reminds the parties that sale of the property will extinguish both Teves's mortgage and Terry's equity of redemption. In addition, Teves's share of the proceeds will include interest through the entry of the judgment on March 6, 2025, but not thereafter.[1] An expedited appeal is in everyone's best interest.

**SO ORDERED.**

                                           /S/ Frederic Block
                                          FREDERIC BLOCK
                                          Senior United States District Judge

Brooklyn, New York
April 30, 2025

---

[1] The Court cannot, at this point, amend the judgment to "waive" the accrual of interest since Terry's October 2024 tender. *See* Fed. R. Civ. P. 59(e).

4